Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50327 | **DATE** | 3/22/2002 |
| **CASE TITLE** | Jennifer L. Keaney vs. Camcar Textron | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment [28] is granted and this case is hereby dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 22 2002 | 53 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| ✗ | Mail AO 450 form. | docketing deputy initials | |
| ✗ | Copy to judge/magistrate judge. | 3-22-02 | |
| | | date mailed notice | |
| | courtroom deputy's initials  LC | | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Jennifer L. Keaney, filed a two-count complaint alleging claims of sexual harassment (Count I) and retaliation (Count II) against her former employer, Camcar Textron. Jurisdiction and venue are proper under 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §§ 1331, 1343(a)(4), 1391(b). Defendant has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.

In Count I, plaintiff complains of alleged sexual harassment by coemployees Roger Swanson, Cesario Delgado, and Jim Sanders.

Swanson's last day of employment with defendant was January 27, 1997. Plaintiff filed the EEOC charge in this case on December 22, 1997, more than 30 days after the expiration of the 300-day limitation period for any conduct of Swanson's during his employment with defendant. See 42 U.S.C. § 2000e-5(e). Plaintiff claims that his conduct was part of a continuing violation. A plaintiff may not base her suit on conduct occurring outside of the limitations period unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on that conduct, as where the conduct could constitute or be recognized as actionable harassment only in light of later events occurring within the limitations period. See Hall v. Bodine Electric Company, 276 F.3d 345, 353 (7th Cir. 2002). In her Response to Defendant's Motion for Summary Judgment plaintiff states as additional facts: "Almost immediately after being hired, Swanson asked her (plaintiff) out. Upon learning that she was dating an older man, he began making offensive comments about their age difference. . . . He later made it clear to Keaney that he did not like working with women and referred to her and other women in the plant as stupid or "stupid bitches." . . . Swanson also repeatedly stated that Keaney had "too big of an ass" and that he could not date her for that reason; that her boyfriend would be too old to satisfy her sexually; he said that he could satisfy her and teach her new things sexually; and told "just about anybody who would listen" that her boyfriend had a "shriveled and old" penis. . . . Along with Sanders, Swanson made and circulated a cartoon comparing women's breasts on third shift to different fruits. They frequently talked about Keaney's body so that she could overhear them, even debating the size of her breasts and buttocks. . . .Swanson's harassment took place daily, whether through gender-based insults, staring, sexual remarks or inappropriate touching." On the basis of these alleged facts, plaintiff could reasonably be expected to have known that she was being sexually harassed by Swanson and to have brought suit on that sexual harassment within the limitations period. Therefore, the continuing violation doctrine does not operate to make Swanson's conduct actionable, and defendant is entitled to summary judgment on Count I insofar as it alleges sexual harassment by Swanson.

Delgado was a temporary employee without supervisory authority who began working for defendant in January of 1997. Plaintiff complained about Delgado's staring at her. Tom Talkington, plaintiff's lead person, investigated, tried to see if he could catch Delgado staring at plaintiff, and talked to Delgado about plaintiff's claims. Al Kershner (the supervisor who hired plaintiff) also spoke with Delgado about plaintiff's complaints and told Delgado to try to avoid looking at her. On the day plaintiff suspected Delgado may have been waiting for her in the parking lot, Manufacturing Manager Buchman learned of plaintiff's complaints and, upon learning that plaintiff believed Delgado had waited for plaintiff in the parking lot, terminated Delgado. It cannot be said that defendant was negligent in either discovering or remedying the alleged harassment by Delgado, and defendant accordingly cannot be held liable for that alleged harassment. See 276 F.3d at 356.

Plaintiff did report to Talkington that Sanders shined a flashlight on her crotch and buttocks. When plaintiff was asked what she wanted done about it, she said she would accept an apology from Sanders. Plaintiff reported to Talkington that Sanders made a comment about plaintiff's menstrual period. When asked what she wanted Talkington to do; she told him to speak with Sanders because she did not want Sanders fired; and Talkington did so. Subsequently, Sanders became the lead person. As a lead person Sanders was without the authority to hire, fire, promote, transfer, or discipline other employees, and so was not a supervisor for purposes of imputing liability to defendant. See Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027, 1034 (7th Cir. 1998); Bullman v. Penske Truck Leasing Co., L.P., 2000 WL 943877, *7 (N.D. Ind.). According to plaintiff, Sanders continued to harass her, but there is no indication that plaintiff informed defendant of this either by informing a supervisory employee or calling the telephone number for reporting sexual harassment in defendant's Sexual Harassment Policy statement she received when she started working for defendant in November of 1996. Talkington responded reasonably to the conduct reported to him and the conduct after Sanders became lead person was not reported to defendant, which therefore did not have notice of it. See 276 F.3d at 356. Defendant is entitled to summary judgment on the claim that plaintiff was sexually harassed by Sanders.

In Count II, plaintiff alleges that she was terminated in retaliation for complaining of harassment. In her affidavit, defendant's Human Resources Manager SuzAnne Buchanan states that she knew nothing of plaintiff's sexual harassment complaints at the time of plaintiff's termination, and first learned of these complaints when plaintiff filed her December 1997 EEOC charge. The reason Buchanan terminated plaintiff was for plaintiff's failure to report her absence within the three days specified in the company's policy. When Buchanan made the decision it was her honest belief plaintiff had not called in as required. The evidence that Buchanan did not know about plaintiff's sexual harassment complaints at the time she terminated plaintiff is unrebutted. Therefore, whatever the reason for plaintiff's termination, it could not have been in retaliation for her sexual harassment complaints. Defendant is accordingly entitled to summary judgment on Count II of the complaint.

Therefore, defendant's motion for summary judgment will be granted and this action will be dismissed with prejudice.

# United States District Court
## Northern District of Illinois
### Western Division

Jennifer L. Keaney

v.

Camcar Textron

**JUDGMENT IN A CIVIL CASE**

Case Number: 99 C 50327

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted and this case is hereby dismissed in its entirety with prejudice.

Michael W. Dobbins, Clerk of Court

Date: 3/22/2002

Susan M. Wessman, Deputy Clerk